Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEFT COAST VENTURES, INC., a Delaware corporation,

          Plaintiff,

   v.

BILL'S NURSERY, INC., a Florida corporation; and STEPHEN GARRISON, an individual,

          Defendants.

No. 2:19-cv-01297-MJP

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 9), plaintiff Left Coast Ventures, Inc. ("Left Coast") and defendants Bill's Nursery, Inc. ("BNI") and Stephen Garrison ("Garrison") (BNI and Garrison collectively, "Bill's Nursery") (Left Coast and Bill's Nursery collectively, "the Parties") submit this Joint Status Report and Discovery Plan.

**1. Statement of the Nature and Complexity of the Case**

Left Coast asserts declaratory judgment and breach of contract claims against Bill's Nursery arising from what Left Coast alleges to be an option to purchase BNI. BNI denies

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 1

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Left Coast's claims and has brought a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

The case is not complex.

**2.  Proposed Deadline for Joining Additional Parties**

The Parties propose February 13, 2020, as the deadline to move to join additional parties.  By proposing this deadline, neither Left Coast nor Bill's Nursery concede that joining an additional party is warranted, and Left Coast and Bill's Nursery reserve their rights to oppose a motion to join an additional party.

**3.  Consent to a Magistrate Judge**

No.

**4.  Discovery Plan**

   **A.  Initial Disclosures**

The Parties have exchanged initial disclosures.

   **B.  Subjects, Timing, and Potential Phasing of Discovery**

The Parties anticipate taking discovery relating to each other's claims and defenses.

Bill's Nursery believes discovery should be stayed pending resolution of its motion to dismiss.  Left Coast does not believe a stay is appropriate.

The Parties do not believe discovery should be conducted in phases.

   **C.  Electronically Stored Information**

Although certain communications and other documents relevant to this case are stored electronically, at this time the Parties do not anticipate any particular issues regarding the disclosure, discovery, or preservation of electronically stored information.

---

[1] Left Coast has withdrawn a claim it had asserted for unjust enrichment.  *See* Left Coast's Response to Motion to Dismiss (Dkt. No. 10) at 14.

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 2



### D. Privilege Issues

The Parties do not anticipate any unusual issues relating to the attorney-client privilege or work product doctrine.

The Parties agree that the disclosure of attorney-client privileged communications and/or work product doctrine-protected materials will not waive the protection of the attorney-client privilege or work product doctrine provided that (1) the disclosure is inadvertent, (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure, and (3) the holder promptly takes reasonable steps to rectify the error. The Parties agree that documents that the producing party believes contain privileged or protected information that were inadvertently produced will be destroyed by the receiving party or returned or sequestered under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved by the Court.

### E. Proposed Limitations on Discovery

At this time, the Parties do not believe any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or under the Western District of Washington Local Civil Rules are necessary.

### F. Need for Discovery Related Orders

The Parties may file a Stipulated Motion and [Proposed] Protective Order. The Stipulated Motion and [Proposed] Protective Order will be similar in form to the Western District of Washington Model Stipulated Protective Order. Per LCR 26(c)(2) the Parties will provide the Court with the Stipulated Motion and [Proposed] Protective Order that identifies in redline proposed departures from the Model Stipulated Protective Order.

## 5. Local Civil Rule 26(f)(1)

### A. Prompt Case Resolution

The parties will endeavor to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

### B. Alternative Dispute Resolution

The Parties have not yet determined if they will engage in alternative dispute resolution. If they do engage in alternative dispute resolution, they would mediate. The Parties will not engage in the individualized trial program set forth in LCR 39.2.

### C. Related Cases

None.

### D. Discovery Management

At this time the Parties do not believe the number or scope of depositions should be limited beyond the limitations in the Federal Rules of Civil Procedure. At this time, the Parties request a Fed. R. Civ. P. 16(b) and LCR 16(b)(1) scheduling order, but do not request that the Court use an abbreviated pretrial order.

To the extent Defendants' motion to dismiss is denied, Defendants intend to seek an order expediting the case as Defendants contend that Left Coast's lawsuit (which claims it has attempted to exercise an option to purchase, and therefore should own, BNI) has created an issue that interferes with Defendants' ability to operate Bill's Nursery as a going concern.

### E. Anticipated Discovery Sought

See Paragraph 4(B).

### F. Phasing of Motions

At this time the Parties do not believe any particular phasing of motions should be ordered.

### G. Preservation of Discoverable Information

The Parties are preserving discoverable information.

### H. Privilege Issues

See Paragraph 4(D).

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 4

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

### I. Model Protocol for Discovery of ESI

See Paragraph 4(C).

At this time the Parties do not believe there is a need to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation, but will advise the Court if discovery proves more complicated than originally anticipated.

### J. Alternatives to Model Protocol for Discovery of ESI

As the Parties do not believe that electronically stored information will present unusual issues in this matter, the Parties have not agreed regarding protocols for the topics identified in LCR 26(f)(1)(J). Should electronically stored information become an issue in this case, the Parties will revisit the topics identified in LCR 26(f)(1)(J).

## 6. Date by Which Discovery can be Completed

Bill's Nursery believes discovery can be completed by May 30, 2020. Left Coast believes discovery can be completed by July 10, 2020.

## 7. Bifurcation

The Parties do not believe the case should be bifurcated.

## 8. Pretrial Statements and Pretrial Order

At this time the Parties do not believe the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for the sake of economy. The Parties will revisit potential alterations to the requirements for pretrial statements and pretrial order for the sake of economy nearer to the trial date for this case.

## 9. Other Suggestions for Shortening or Simplifying the Case

The Parties have no other suggestions for shortening or simplifying the case, but will endeavor to work to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 5

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**10. Date Case Will be Ready for Trial**

Bill's Nursery suggests a trial date of August 17, 2020.  Left Coast suggests a trial date of October 19, 2020.

**11. Whether the Trial will be Jury or Non-Jury**

Left Coast has not requested a jury.  Bill's Nursery will demand a jury trial if this case proceeds past Bill's Nursery's motion to dismiss.

**12. Number of Trial Days**

The Parties anticipate that this case can be resolved in three trial days.  The Parties will revisit this estimate closer to the trial date.

**13. Names, Addresses, and Telephone Numbers of All Trial Counsel**

**Counsel for Left Coast**
Jeremy E. Roller, WSBA No. 32021
Arete Law Group PLLC
1218 Third Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
Email: jroller@aretelaw.com

**Counsel for Bill's Nursery**
Devin (Velvel) Freedman (*pro hac vice*)
Kyle W. Roche
Joseph Delich
Roche Freedman LLP
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Phone: (305) 753-3675
Email: vel@rochefreedman.com
           kyle@rochefreedman.com
           jdelich@rochefreedman.com

Emanuel Jacobowitz, WSBA No. 39991
Cloutier Arnold Ortega, PLLC
2701 First Avenue, Suite 200
Seattle, Washington 98121
Phone: (206) 866-3230
Fax:    (206) 866-3234
Email: manny@caoteam.com

**14. Trial Counsel Commitments to be Considered in Setting Trial Date**

None at this time. Counsel will promptly advise the Court of commitments that arise that may conflict with the trial date.

**15. Status of Service on Defendants**

The defendants have been served.

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 6

Arête LAW GROUP | 1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**16. Scheduling Conference**

The Parties do not request a scheduling conference before the Court enters a scheduling order in this case.

**17. Corporate Disclosure Statements**

Left Coast filed its Fed. R. Civ. P. 7.1 / LCR 7.1 Corporate Disclosure Statement on August 22, 2019.  BNI filed its Fed. R. Civ. P. 7.1 / LCR 7.1 Corporate Disclosure Statement on August 23, 2019.

DATED:  October 25, 2019.

| | |
|---|---|
| **ARETE LAW GROUP PLLC**<br><br>By: /s/ Jeremy E. Roller<br>Jeremy E. Roller, WSBA No. 32021<br>1218 Third Avenue, Suite 2100<br>Seattle, WA 98101<br>Phone:  (206) 428-3250<br>Fax:  (206) 428-3251<br>jroller@aretelaw.com<br><br>*Attorneys for Left Coast Ventures* | **ROCHE FREEDMAN LLP**<br><br>By: /s/ Velvel Freedman<br>Devin (Velvel) Freedman (*pro hac vice*)<br>200 S. Biscayne Blvd, Suite 5500<br>Miami, Florida 33131<br>Phone: (305) 753-3675<br>vel@rochefreedman.com<br><br>**CLOUTHIER ARNOLD ORTEGA, PLLC**<br><br>By:  /s/ Emanuel Jacobowitz<br>Emanuel Jacobowitz, WSBA No. 39991<br>2701 First Avenue, Suite 200<br>Seattle, Washington 98121<br>Phone: (206) 866-3230<br>Fax:    (206) 866-3234<br>manny@caoteam.com<br><br>*Attorneys for Bill's Nursery, Inc. and Stephen Garrison* |

**CERTIFICATE OF SERVICE**

I, Annabel Barnes, certify that on October 25, 2019, I electronically filed and served a copy of the foregoing with the Clerk of the Court and on counsel for Defendants using the CM/ECF system:

Emanuel Jacobowitz, WSBA No. 39991
2701 First Ave, Suite 200
Seattle, WA 98121
Phone: (206) 866-3230
Fax: (206) 866-3234
Manny@CAOteam.com

Velvel Freedman
Roche Freedman LLP
Southeast Financial Center
200 S Biscayne Blvd, Suite 5500
Miami, FL 33131
vel@rochefreedman.com

DATED this 25th day of October, 2019:

*/s/ Annabel Barnes*
Annabel Barnes, Legal Assistant

JOINT STATUS REPORT AND
DISCOVERY PLAN
2:19-cv-01297-MJP – Page 8

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250