UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEFT COAST VENTURES, INC., | CASE NO. C19-1297 MJP |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| BILL'S NURSERY, INC. et al., | |
| Defendants. | |

THIS MATTER comes before the Court *sua sponte*. Having reviewed the Complaint (Dkt. No. 1, Ex. B), Defendants' Motion to Dismiss (Dkt. No. 6), the Response (Dkt. No. 10), the Reply (Dkt. No. 11), and the related record, the Court finds the Contract at issue may be unenforceable under the Federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq.

Plaintiff seeks an order requiring Defendants to sell their marijuana distribution business to Plaintiff (Compl., ¶ 39). Although Washington law governs the breach of contract claim, "where it is alleged that an agreement violates a federal statute, courts look to federal law." Polk v. Gontmakher, No. 2:18-CV-01434-RAJ, 2019 WL 4058970, at *2 (W.D. Wash. Aug. 28,

2019) (citing Kelly v. Kosuga, 358 U.S. 516, 519 (1959) ("the effect of illegality under a federal statute is a matter of federal law").

While the Ninth Circuit recognizes "[n]uanced approaches to the illegal contract defense," the relief ordered may "not mandate illegal conduct." Bassidji v. Goe, 413 F.3d 928 (9th Cir. 2005)). Ordering specific performance in this case may require mandating illegal conduct. In a similar case from this district, the plaintiff sued his former partner in a marijuana growing business, alleging he was entitled to an ownership interest in the business and past and future profits. Polk, 2019 WL 4058970, at *2. Noting the nuanced approaches to the illegal contract defense, the court distinguished between awarding the plaintiff damages, which may have been permissible, and granting his request for an ownership interest in a business that was illegal under federal law. Id. at *2 (quoting Bassidji v. Goe, 413 F.3d 928 (9th Cir. 2005)). Similarly, the Plaintiff here is seeking an ownership interest in a marijuana distribution business.

The Parties are therefore ORDERED TO SHOW CAUSE within seven days of this Order why the Court should not dismiss this action. Oral argument on Defendants' Motion to Dismiss is stricken. (Dkt. No. 15.) If the Court does not dismiss the case on these grounds, oral argument will be rescheduled on Defendants' Motion to Dismiss, (Dkt. No. 6).

The clerk is ordered to provide copies of this order to all counsel.

Dated October 31, 2019.

Marsha J. Pechman
United States District Judge