UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEFT COAST VENTURES INC, | CASE NO. C19-1297 MJP |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| BILL'S NURSERY INC et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 6). Having read the Motion, the Response (Dkt. No. 10), and the Reply (Dkt. No. 11), and the Parties' briefing (Dkt. Nos. 20, 21) in response to the Court's Order to Show Cause (Dkt. No. 17), the Court DENIES the Motion and REMANDS this case to King County Superior Court.

**Background**

**A. The Contract**

This case involves a contract dispute over the rights to a license to distribute medical marijuana in Florida. In 2014, the Florida Legislature enacted the Compassionate Medical

1  Cannabis Act ("CMCA"), which allowed the Florida Department of Health to license five
2  "Dispensing Organizations" to cultivate, process, and dispense "low-THC" cannabis for
3  qualified patients. (Dkt. No. 1, Ex. B ("Compl."), ¶ 10.) On July 2, 2015, Defendant Bill's
4  Nursery, Inc., doing business as Almond Tree, and Defendant Stephen Garrison, the owner,
5  entered into a contract with Privateer Holdings to prepare two applications for one of the five
6  available licenses. (Id., Ex. A.) Plaintiff, Left Coast Ventures is the assignee of Privateer's
7  rights and obligations under the contract. (Id., ¶ 2.) The contract gave "Privateer or its designee
8  the right to purchase all of the outstanding capital stock of [Bill's Nursery] (the "Shares") free
9  and clear of all encumbrances . . . ." (Id., ¶ 3(a).) On November 23, 2015, the DOH denied the
10 Applications. (Compl., ¶ 16.)

11  The following year, the Florida legislature amended the Florida statutes to require the
12 DOH to issue medical marijuana treatment center licenses to certain applicants who were denied
13 a license under the previous regulatory scheme. (Id., ¶ 19.) Only those who applied in 2015
14 were eligible. (Id.) The new law permitted licensees to produce and distribute medical
15 marijuana beyond the low-THC marijuana permitted under the previous licenses. (Compare Dkt.
16 No. 6, Ex. A at 1 with Compl., Ex. B at 76.)

17  In 2018, Bill's Nursery applied for a license under the new law. (Compl., ¶ 20.) The
18 new application relied on the previous application materials that were created by Privateer, and a
19 brief cover email. (Id.) While the DOH initially denied the new application, Bill's Nursery
20 appealed and eventually entered into a joint settlement agreement with the DOH and was
21 awarded a license. (Id., ¶¶ 21, 24.)

22  Plaintiff filed a complaint for declaratory judgment and breach of contract in King
23 County Superior Court, arguing that Bill's new license entitles Plaintiff to exercise its option
24

1    under the Contract.  (Id., ¶¶ 31-39.)  Plaintiff seeks damages and specific performance (Id., ¶¶

2    A-G.)  The Contract includes a choice of law provision requiring that all disputes are adjudicated

3    in the State and Federal Courts in Washington, with the Contract governed and construed by

4    Washington law.  (Id., Ex. A, ¶ 11.)  Washington is one of 33 states that has approved a

5    comprehensive, publicly available medical marijuana program.  (Dkt. No. 21 at 24 (citing Nat'l

6    Conf. State Legislatures, State Medical Marijuana Laws, available at

7    http://www.ncsl.org/research/health/state-medical-marijuana-laws.aspx (last visited Dec. 2,

8    2019)); RCW 69.51A.  On August 16, 2019, the Defendants removed the action to this Court

9    based on diversity jurisdiction, filing the present Motion to Dismiss on August 23, 2019.  (Dkt.

10    Nos. 1, 6.)

11    **B. Order to Show Cause**

12    On October 31, 2019, after reviewing the Parties' briefing on Defendants' Motion to

13    Dismiss (Dkt. No. 6), the Court issued an Order to Show Cause (Dkt. No. 17), asking the Parties

14    to explain why the Court should not dismiss this action as seeking to enforce an ownership

15    interest in a marijuana distribution business, which is illegal under the Federal Controlled

16    Substances Act ("CSA"), 21 U.S.C. § 801 et seq.

17    Both Parties submitted briefing in response.  Defendants contend that the Court cannot

18    enforce the Contract because it is illegal under the CSA.  (Dkt. No. 20 at 4-8.)  Plaintiff urges the

19    Court not to dismiss because: (1) adjudicating rights to the option contract would not require the

20    Court to mandate illegal conduct; (2) public policy favors enforcement of the contract, and; (3) at

21    the very least, Plaintiff should be granted leave to amend its pleadings.  (Dkt. No. 21 at 6-7.)

22    Plaintiff also argued that the Court should abstain from adjudicating this issue and remand the

matter back to state court.  (Id. at 23-25.)  For the reasons discussed below, the Court agrees that abstention is appropriate here.

**Discussion**

Plaintiff urges the Court to decline federal jurisdiction under established federal abstention principles.  (Dkt No. 21 at 23.)  "In abstention cases, 'discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved.'" Tucker v. First Maryland Sav. & Loan, Inc., 942 F.2d 1401, 1402-03 (9th Cir. 1991) (quoting C–Y Dev. Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir.1983)).  Here, abstention is appropriate under the doctrine set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 814 (1976).  "Delay, misunderstanding of local law, and needless federal conflict with the State policy, are the inevitable product of this double system of review."  Burford, 319 U.S. at 327.

While "this circuit generally requires certain factors to be present for abstention to apply," the Court finds that in this case abstention is appropriate even where only two of the factors are met: "the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence and federal review might disrupt state efforts to establish a coherent policy." Tucker v. First Maryland Sav. & Loan, Inc., 942 F.2d 1401, 1405 (9th Cir. 1991).  The third factor, which looks to whether "the state has concentrated suits involving the local issue in a particular court," is not met here. Id.  Nevertheless, the Court finds that the underlying policy objectives of Burford abstention, which is "designed to limit

federal interference with the development of state policy," are met because the issues "are primarily questions" regarding state law.  Id. at 1407.

Plaintiff's core argument is that the license Defendants' obtained under Florida's 2017 Senate Bill 8-A is the same "license to cultivate, process and dispense low-THC cannabis under Florida's Compassionate Medical Act of 2014," contemplated under the Contract.  (Compl., Ex. A at 1, ¶¶ 18-19.)  This interpretation invites the Court to evaluate state laws that are in direct conflict with the CSA, 21 U.S.C. § 801 et seq.  Further, as Plaintiff notes, the Court's acceptance of the illegality defense here might create "disincentives for businesses to comply with state cannabis regulations by rendering their contracts unenforceable in federal court" and could signal to those involved in the state cannabis industry "that federal jurisdiction operates as an absolute defense to private contract claims."  (Dkt. No. 21 at 21, 23.)  Under the circumstances, exercise of federal review in this case "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  Colorado River, 424 U.S. at 814.

## Conclusion

Finding that abstention is appropriate in this matter, the Court DENIES Defendants' Motion to Dismiss and REMANDS this case to the King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 6, 2019.

Marsha J. Pechman
United States District Judge